# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JUDITH MARCIA WILLIAMS,**

    **Plaintiff,**

**vs.**                                               **Case No.  4:22cv456-AW-MAF**

**DENNIS FREDRICK WING,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case in mid-December 2022. Plaintiff was recently granted in forma pauperis status and directed to file a second amended civil rights complaint, if there was a basis to do so. ECF No. 7. Plaintiff has now filed two more motions for in forma pauperis status, a separate certificate of service, ECF No. 11, a letter, ECF No. 12, and a second amended complaint, ECF No. 9.

Plaintiff's in forma pauperis motions, ECF Nos. 8 and 10, are denied as moot. The submission of one in forma pauperis motion is sufficient unless finances change. Here, they have not. Moreover, Plaintiff's prior in forma pauperis motion was granted. ECF No. 7.

There was no need to submit a certificate of service because service of process has not yet been directed. A certificate of service is used to show that the Defendant was served with a document filed in this case. Plaintiff's certificate of service does not include such information. A certificate is not used to determine when the document was received by the Clerk's Office. No further certificates should be filed in this case.

Plaintiff also provided a letter, ECF No. 12, directed to the attention of the undersigned Magistrate Judge. No action will be taken on that document. Local Rule 7.1 specifies that a "request for action of any kind relating to a case can never be made by a letter to a judge." N.D. Fla. Loc. R. 7.1(A). If Plaintiff needs assistance in relocating or communicating with members of Congress, it must come from another source.

Finally, Plaintiff's second amended complaint has been reviewed. ECF No. 9. Plaintiff has again sued her step brother, Dennis Fredrick Wing. *Id.* She alleges that he is employed by Wing's Trucking. *Id.* at 3. The second amended complaint [hereinafter "complaint"] was submitted on a civil rights complaint form under 42 U.S.C. § 1983.

Plaintiff alleges that Defendant Wing was her mother's trustee, and that her mother left "30 million dollars for" her. *Id.* at 4. Plaintiff said she

has not received "one penny of that money, and that was 3½ years ago." *Id.* No other facts were presented.

The implication of Plaintiff's allegation is that her step brother has wrongfully deprived her of her mother's death benefits.[1]  *Id.* at 1, 4. However, beyond asserting that Plaintiff did not receive money she believes was intended for her, Plaintiff provides no facts to demonstrate that her step brother committed any unlawful actions.  There are also no facts alleged which show how or why Plaintiff believes she was to receive millions of dollars.  The complaint is vague, unsupported, and conclusory.

Second, as Plaintiff was previously advised, to pursue a civil rights complaint under 42 U.S.C. § 1983, the named Defendant must be a "state actor."  The statute provides that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,

---

[1] Plaintiff more clearly alleged in her first amended complaint, ECF No. 6, that her step brother had "stolen" the money after her mother passed away.  *Id.* at 1, 4.

Case No. 4:22cv456-AW-MAF

suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.  Here, the Defendant is not a state actor.  He is a private citizen, working for Wing's Trucking, and Plaintiff's step brother.  No allegations have been presented to show that he worked for, or with, the State of Florida.

The law is clear that to state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States."  Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985).  Plaintiff has not alleged facts showing that the Defendant took any action "under color of state law."  Furthermore, Plaintiff has not shown that the Defendant violated her constitutional rights.

Plaintiff has already been provided an opportunity to file an amended complaint.  ECF No. 7.  Further opportunities need not be extended.  There is no apparent basis for Plaintiff to sue her step brother in federal court.  This case should be dismissed for failure to state a claim upon which relief can be granted.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 9, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that all other pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 27, 2023.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**